David A. Berstein (State Bar No. 204472)
J. R. Dimuzio (State Bar No. 299803)
Kia Mojabe (State Bar No. 336063)
BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660
Tel.  949.783.4210
E-mail: *david@bersteinlaw.com; jr@bersteinlaw.com; kia@bersteinlaw.com*

Attorneys for Plaintiffs Justin Bua and BUA Incorporated

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN BUA, an individual; BUA INCORPORATED, a Texas Corporation, <br><br> Plaintiffs, <br> v. <br><br> FASTFRAME U.S.A., a California Corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1. **FEDERAL COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101, *et seq.*;** <br> 2. **DEMAND FOR ACCOUNTING.** <br><br> **<u>JURY TRIAL DEMANDED</u>** |

        TO   THE   COURT:   Comes   now,   Plaintiffs   JUSTIN   BUA   and   BUA
INCORPORATED, to allege against Defendant FASTFRAME U.S.A. and DOES 1
through 10, as follows:

/ / /

/ / /

/ / /

/ / /

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

## THE PARTIES

1.　At all times relevant to this matter, Plaintiff JUSTIN BUA is and was an individual domiciled in Boerne, Texas.

2.　At all times relevant to this matter, Plaintiff BUA INCORPORATED ("BUA INC.") is and was a Texas Corporation, organized under the laws of the State of Texas, with its principal place of business at 215 West Bandera Road Suite 114-615, Boerne, Texas 78006.

3.　Plaintiff JUSTIN BUA and Plaintiff BUA INCORPORATED are collectively referred to herein as "Plaintiffs BUA."

4.　At all times relevant to this matter, Defendant FASTFRAME U.S.A. ("FASTFRAME") is and was a California Corporation, organized under the laws of the State of California, with its principal place of business at 433 West Allen Avenue Suite 114, San Dimas, California 91773.

5.　The true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, are presently unknown to Plaintiffs BUA who therefore sues these Defendants by their fictitious names. Plaintiffs BUA will amend this Complaint to show the true names and capacities of DOES when such has been ascertained. Each of the DOE Defendants is responsible in some manner for the conduct alleged herein. Also, it is alleged that each of the Defendants acted under the authority and/or as the agent of each of the other Defendants.

6.　Plaintiffs BUA are informed and believes, and based thereon alleges, that at all times herein mentioned, Defendants, including those identified as DOE Defendants, were the agents, servants, employees, joint venturers, partners, subsidiaries, and/or co-conspirators of each other Defendants, and that, in performing or failing to perform the acts herein alleged, each were acting individually as well as through and in the foregoing alleged capacity and within the course and scope of such agency, employment, joint venture, partnership, subsidiary, and/or conspiracy, and each other of the Defendants ratified and affirmed the acts and omissions of the other Defendants.

**COMPLAINT FOR DAMAGES**

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

7.     Plaintiffs BUA are further informed and believes Defendants, in taking the actions alleged herein and/or ratifying the actions alleged herein, acted within the course and scope of such authority and, at the same time, for their own financial and individual advantage, as well as in the course and scope of such employment, agency, and as an alter-ego therein.

8.     Defendant FASTFRAME and DOES 1 through 10 are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over Plaintiffs BUA's claims for copyright infringement and related claims pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et. seq.*

10.    This Court has original jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

11.    This Court has personal jurisdiction over Defendant FASTFRAME, as Defendants, and each of them, conduct business in this Judicial District.

12.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and 1400(a) as Defendants, and each of them, conduct business in this Judicial District.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.    Plaintiff Justin Bua is the copyright claimant of "*The Block*" (United States Copyright No. VAu000598304; Reg. Date August 4, 2003) (the "Work").



A true and correct copy of the copyright registration for "*The Block*" is attached hereto as **Exhibit A**.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

14.     Plaintiff Justin Bua is a critically-acclaimed artist who is recognized worldwide for his distinct artistic style, classified as "New Urban Realism." Plaintiff Justin Bua is best known and recognized for his collection of fine art prints and posters – *The Block* (the "Work") being one of his most popular prints. As one of the most compelling and collected artists of the current era, Plaintiff Justin Bua continues to be a leading innovator in both the fine and commercial art worlds.  Plaintiff Justin Bua exhibits both throughout the United States and internationally, and with over thirty (30) years as an artist, has garnered a worldwide fan base and collectors ranging from celebrities, professional athletes, politicians, and art connoisseurs.

15.     As the result of Plaintiff Justin Bua's popularity and his iconic images, in particular, *The Block*, Plaintiffs BUA, over the past 20 years, in addition to sales of fine art and prints, have generated a tremendous amount of licensing revenue through agreements to use his imagery and variations of his imagery with many Fortune 500 companies, consumer goods and products, television and movie studios, and recording artists.

16.     Defendant FASTFRAME marketed and promoted its business and services using Plaintiffs BUA's Work without Plaintiffs BUA's permission or consent.

17.     Defendant FASTFRAME used the Work in its marketing campaign entitled, "*Save Big on Custom Framed Splendor This Summer.*" True and correct copies of photographs of the marketing campaign are attached hereto as **Exhibit B**.

18.     Defendant FASTFRAME featured the Work prominently in one of Defendant FASTFRAME's advertising print mailers.

19.     Specifically, Defendant FASTFRAME's use of the Work consists of an exact replica of the Work which is displayed on the advertising mailer.

20.     Upon information and belief, Defendant FASTFRAME's use occurred during at least a two (2) week period in July 2023.

21.     Upon information and belief, Defendant FASTFRAME claims Plaintiffs BUA's Work was submitted by Defendant FASTFRAME's franchisee in Durham, North

Carolina, after framing a print copy for a customer and receiving "permission" to use it any way they wanted from the customer.

22.     Upon information and belief, Defendant FASTFRAME further claims its franchisee, upon receiving said "permission," used it in their social media and then provided it to Defendant FASTFRAME for use in its advertising.

23.     Upon information and belief, Defendant FASTFRAME further claims seven (7) franchisees of Defendant FASTFRAME sent the infringing mailer.

24.     Neither Defendant FASTFRAME, nor any of its partners, affiliates, franchisees, or anyone else associated with the marketing campaign received permission or licensing rights to use the Work from Plaintiffs BUA.

25.     Further, Defendant FASTFRAME's use is not protected by the Fair Use Doctrine.

26.     Lastly, a customer of the Work, who is not the copyright holder, does not have the right to grant Defendant FASTFRAME permission to use the Work.

<u>**FIRST CAUSE OF ACTION**</u>

**FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101, *et seq.***

**(By Plaintiffs BUA Against All Defendants)**

27.     Plaintiffs BUA reallege each and every allegation set forth in Paragraphs 1 through 26, inclusive, and incorporate them by reference herein.

28.     By means of the action complained of herein, Defendants have infringed upon Plaintiffs BUA's Work, by copying, marketing, advertising, promoting, distributing, the Work, on its mailer, upon information and belief, during a two (2) week period in July 2023, without authorization from Plaintiffs BUA.

29.     Plaintiffs BUA are entitled to an injunction restraining Defendants, their officers, agents, franchisees, and employees and all persons and entities acting in concert with them, from engaging in further such acts in violation of the copyright laws.

30.     Plaintiffs BUA are further entitled to recover from Defendants the damages they have sustained, and will sustain, as a result of Defendants' wrongful acts as hereinabove alleged.

**COMPLAINT FOR DAMAGES**

31.     Upon information and belief, the rightful and accurate amount of such damages is undetermined at this time.

32.     Plaintiffs BUA are further entitled to recover from Defendants the gains, profits, and advantages they have obtained as a result of their unauthorized and unlawful acts as hereinabove alleged.

33.     Plaintiffs BUA are, at present, unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their aforesaid acts of copyright infringement.

34.     Plaintiffs BUA are also entitled to applicable damages and attorneys' fees pursuant to the Copyright Act of 1976, 17 USC §§ 101, *et seq*., for Defendants' willful and continued infringement of the Work.

## SECOND CAUSE OF ACTION

### FOR DEMAND FOR ACCOUNTING

### (By Plaintiffs BUA Against All Defendants)

35.     Plaintiffs BUA reallege each and every allegation set forth in Paragraphs 1 through 34, inclusive, and incorporate them by reference herein.

36.     As alleged hereinabove, Plaintiffs BUA have an interest in all monies generated from the unauthorized infringement, exploitation, and conversion of Plaintiffs BUA's Work.

37.     Upon information and belief, Defendants, and each of them, have generated monies due to their unlawful commercial exploitation of Plaintiffs BUA's Work.

38.     The accurate amount of money due from Defendants is unknown to Plaintiffs BUA and cannot be ascertained without an accounting of all of Defendants' financial records related to the sales generated through their infringing and unlawful activities.

39.     As a result of Defendants' actions, Plaintiffs BUA have been damaged in an amount to be proven after an accounting has been conducted. Accordingly, Plaintiffs BUA hereby request the Court order an accounting of all of Defendants' financial records related to the

**COMPLAINT FOR DAMAGES**

infringing activities in order to determine the sums rightfully due to Plaintiffs BUA. Furthermore, Plaintiffs BUA demands those sums be paid to Plaintiffs BUA accordingly.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs BUA pray for a judgment against Defendants, and each of them, as follows:

### **ON THE FIRST CAUSE OF ACTION**
### **(Copyright Infringement)**

1. Defendants each be held to have infringed upon Plaintiffs BUA's copyright in the Work;

2. Defendants, their directors, officers, agents, servants, employees, and all other persons and entities in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiffs BUA's copyright in the Work;

3. Defendants, their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to return to Plaintiffs BUA any originals, copies, facsimiles, reproductions, or duplicates of the Work in their possession, custody, or control;

4. Defendants each be enjoined to deliver upon oath, to be impounded during the pendency of this action, and for destruction pursuant to judgment herein, all originals, copies, facsimiles, reproductions, or duplicates of any work shown by the evidence to infringe any of Plaintiffs BUA's copyright in the Work;

5. Judgment be entered for Plaintiffs BUA and against Defendants, for Plaintiffs BUA's actual damages according to proof, and for any additional profits attributable to any and infringement of Plaintiffs BUA's copyright in the Work, in accordance with proof;

6. Judgment be entered for Plaintiffs BUA and against Defendants, for damages based upon Defendants' willful acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et. seq.*;

7. Defendants each be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law;

**COMPLAINT FOR DAMAGES**

8.    All gains, profits, and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be in constructive trust for the benefit of Plaintiffs BUA;

9.    To the extent that infringement occurred subsequent to the registration of the Work, Plaintiffs BUA be awarded statutory damages;

10.    Plaintiffs BUA be awarded prejudgment interest at the legal rate pursuant to <u>California Civil Code</u> § 3336;

11.    Plaintiffs BUA be awarded exemplary/punitive damages;

12.    Plaintiffs BUA be awarded attorneys' fees and costs of suit; and

13.    Such other and further relief at law or in equity, to which the Court deems just and proper.

<b>ON THE SECOND CAUSE OF ACTION</b>

<b>(Demand for Accounting)</b>

14.    The Court order an independent accountant to conduct an accounting of all of Defendants' financial records relating to the infringing activities in order to determine the sums of money owed to Plaintiffs BUA;

15.    Upon a determination of sums due to Plaintiffs BUA, demand is made that those sums be paid to Plaintiffs BUA;

16.    Interest at the maximum legal rate from the date said sums were due; and

17.    Such other and further relief at law or in equity, to which the Court deems just and proper.

Date: February 7, 2024          **BERSTEIN LAW, PC**

By:    *David A. Berstein*

David A. Berstein
Attorney for Plaintiffs Justin Bua and BUA Incorporated

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

**COMPLAINT FOR DAMAGES**

1

## <u>JURY DEMAND</u>

2    Plaintiffs BUA hereby demand a jury trial on all issues so triable.

3

4    Date: February 7, 2024                    **BERSTEIN LAW, PC**

5

6                                              By:   *David A. Berstein*

7                                              David A. Berstein
     Attorney for Plaintiffs Justin Bua and BUA
8    Incorporated

9

10

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**